IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM P. JACKSON,<br><br>      Petitioner,<br><br>      v.<br><br>FRANK D. GILLIS, and THE<br>DISTRICT ATTORNEY OF THE<br>COUNTY OF ALLEGHENY, and<br>THE ATTORNEY GENERAL OF THE<br>COMMONWEALTH OF PENNSYLVANIA,<br><br>      Respondents. | Civil Action No. 05-1028<br>Judge David S. Cercone/<br>Magistrate Judge Francis<br>X. Caiazza |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by William P. Jackson be dismissed, without prejudice and that a certificate of appealability be denied.

**II.   REPORT**

William P. Jackson, ("Jackson" or "Petitioner") has filed a Section 2254 habeas petition, complaining of inordinate delay in the processing of his state collateral relief proceedings. Because counsel was appointed to represent the petitioner on February 4, 2006, it appears that the state proceedings are no longer dormant and the court will dismiss Jackson's petition, without prejudice. Parenthetically, because the issues that Jackson raises are not cognizable in a federal habeas proceeding, his interests will best be served if his petition is dismissed,

without prejudice.

## A.  Procedural and Factual History

As best the court can discern, Jackson apparently filed a collateral relief petition in state court on February 4, 2004 pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA").[1] See 42 Pa. Cons. Stat. § 9541 et seq. Because his petition remained dormant for over a year, he filed a federal habeas petition in the Middle District of Pennsylvania on May 10, 2005. His petition was subsequently transferred to this district because Jackson's conviction occurred in the Western District of Pennsylvania. In his federal habeas petition Jackson raises only the delay in his state PCRA proceeding. Subsequently, in July 2005, the State PCRA court appointed the Allegheny County Public Defender's office to represent the Petitioner. On September 30, 2005, the Respondents then filed an answer to Jackson's federal habeas petition seeking its dismissal because he failed to exhaust his state court remedies. Next, on October 3, 2005, new counsel was appointed by the PCRA court because a conflict of interest caused the Public Defender to withdraw from the case. For a reason that's unclear in this record, new counsel again was appointed to represent the Petitioner in his state proceeding on February 3, 2006.

---

1. Some of the procedural history is taken from dockets of the Allegheny County Court of Common Pleas, of which this court takes judicial notice.

As an aside, without detailed comment, this court recognizes that the state record is patently deficient. As only one example, there is nothing in the state court records which shows that Jackson filed a PCRA petition on February 4, 2004 -nor do the dockets from the Common Pleas Court show any PCRA petition having been filed by Jackson.

B. **Discussion**

A federal habeas petitioner is excused from being required to exhaust his state court remedial processes, if "circumstances exist that render such [state court] process ineffective to protect the rights of the applicant." 28 U.S. C. § 2254(b)(1)(ii). Based upon Third Circuit precedent, it appears that although a habeas petitioner has the initial burden of showing that state remedies have been exhausted, the burden shifts whenever there is an inordinate delay in the state court proceedings. See Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Wojtczak v. Fulcomer, 800 F.2d 353, 355-56 (3d Cir. 1986); see also Burkett v. Cunningham, 826 F.2d 1208, 1218 n.31 (3d Cir. 1987)(permitting consideration of the merits of a habeas petition even though state court proceedings showed recent advancement).[2]

A case decided by the Court of Appeals for the Third Circuit

---

2. Both Burkett and Wojtczak, effectively refute Respondents' contention that merely because there has been some movement in the state PCRA proceedings, these federal proceedings are necessarily rendered moot.

3

counsels against excusing exhaustion whenever there is progress in the state proceedings. See, e.g., Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002) ("our cases have instructed district courts to stay their consideration of habeas petitions when previously stalled state proceedings resume"). Here, on February 4, 2006 counsel was appointed to represent the Petitioner. Because the state PCRA proceedings are no longer dormant, the interest of comity as well as Jackson's interest can best be satisfied if the court does not excuse the exhaustion requirement and dismisses his petition without prejudice.[3]

## C.  Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a state court unless a certificate of appealability has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. 2254(c)(2). There is a difficulty in the application of this provision whenever the District Court

---

3. See Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004)("alleged errors in collateral proceedings . . . are not a proper basis for habeas relief from the original conviction"). If the state court proceedings continue to languish, the Petitioner can again file a federal habeas petition requesting that the exhaustion requirement be excused. Jackson is cautioned, however, to include cognizable claims in his next habeas petition, i.e, purported errors that occurred in the state proceedings that led to his conviction.

4

does not decide the case on the merits but rather resolves the case on a procedural ground, without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Applying this standard here, the court concludes that jurists of reason would not find it debatable whether Jackson has exhausted his state court remedies because of the pending PCRA proceeding in state court. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections

may constitute a waiver of any appellate rights.

                                                Francis X. Caiazza,
                                                U.S. Magistrate Judge

Dated: March 24, 2006.

cc:   The Honorable David S. Cercone
      United States District Judge

      William P. Jackson
      FN-6112
      SCI Coal Township
      1 Kelley Drive
      Coal Township, PA 17866

      Rusheen R. Pettit
      Office of the District Attorney
      401 Allegheny County Courthouse
      Pittsburgh, PA 15219